No. 103,060

In The Matter of MELVIN R. HERRINGTON, *Respondent.*

(222 P.3d 492)

Opinion filed January 22, 2010.

*Stanton A. Hazlett,* disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

No appearance by the respondent.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against Melvin R. Herrington, of Gilchrist, Texas, an attorney admitted to the practice of law in Kansas in 2000.

On September 5, 2008, the office of the Disciplinary Administrator filed a formal complaint against the respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). The complaint and notice of hearing were mailed to respondent by certified mail dated September 5, 2008, at the last address listed with the Clerk of the Appellate Courts; the notice was signed for by Melvin Herrington on September 8, 2008. An amended notice of hearing was mailed to respondent on November 19, 2008. On April 16, 2009, the respondent filed an answer to the formal complaint. On April 23, 2009, a hearing was held before a panel of the Kansas Board for Discipline of Attorneys. The disciplinary administrator, Stanton A. Hazlett, appeared in person and argued the case; the respondent did not appear.

The hearing panel determined that the respondent violated KRPC 1.3 (2009 Kan. Ct. R. Annot. 426) (diligence); KRPC 1.4 (2009 Kan. Ct. R. Annot. 443) (communication); 1.15 (2009 Kan. Ct. R. Annot. 507) (safekeeping property); KRPC 1.16 (2009 Kan. Ct. R. Annot. 522) (termination of representation); KRPC 3.2 (2009 Kan. Ct. R. Annot. 539) (expediting litigation); and KRPC 8.4 (2009 Kan. Ct. R. Annot. 602) (conduct adversely reflecting on lawyer's fitness to practice law). Upon conclusion of the hearing,

the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

"FINDINGS OF FACT

. . . .

"DA10245

"2. The Respondent represented Christopher S. Nelson in a criminal case pending before the Honorable Richard D. Anderson, District Judge of the Third Judicial District.

"3. On June 14, 2007, and on June 21, 2007, the Respondent failed to appear in court for scheduled probation violation hearings in Mr. Nelson's case. As a result, on June 21, 2007, Judge Anderson filed a complaint against the Respondent.

"4. On July 19, 2007, the Respondent responded to Judge Anderson's complaint. The Respondent admitted that he failed to appear in court twice for Mr. Nelson's probation violation hearings.

"DA10357

"5. The Respondent represented Albert L. Conley, Jr. in a criminal case pending before the Honorable Evelyn Z. Wilson, District Judge of the Third Judicial District.

"6. Mr. Conley entered a plea of guilty to a felony charge of driving under the influence of alcohol. Thereafter, the Court scheduled Mr. Conley's sentencing for August 22, 2007.

"7. On August 22, 2007, the prosecutor and Mr. Conley appeared in court for Mr. Conley's sentencing. Additionally, Mr. Conley's wife flew from California to Kansas to attend the sentencing hearing. The Respondent failed to appear in court. The Respondent left a voice mail message for the judge stating he was sick and could not attend the sentencing hearing. The Court continued Mr. Conley's sentencing hearing until August 29, 2007, and sent the Respondent a notice of the date and time of the rescheduled sentencing hearing.

"8. On August 29, 2007, the prosecutor and Mr. Conley again appeared for a sentencing hearing. Mr. Conley's wife flew from California to Kansas for a second time for her husband's sentencing hearing. Again, the Respondent failed to appear at the sentencing hearing. The Respondent did not call or otherwise communicate with anyone that he would not attend. The Court continued Mr. Conley's sentencing hearing to October 19, 2007. Again, the Court notified the Respondent of the new date for the sentencing hearing.

"9. On September 8, 2007, Judge Wilson sent the Respondent a letter asking him to come to her chambers as soon as possible. The Respondent did not contact Judge Wilson in response to the letter.

"10. On October 19, 2007, Judge Wilson called Mr. Conley's case for sentencing for the third time. Both the prosecutor and Mr. Conley were present for the sentencing hearing. Again, Mr. Conley's wife flew from California to Kansas

for the sentencing hearing. Again, the Respondent failed to appear to represent Mr. Conley in his sentencing hearing. The Respondent did not notify the court, the prosecutor, or his client that he would not be at the sentencing hearing.

"11.   In court, Mr. Conley informed Judge Wilson that the Respondent had not returned his telephone calls.

"12.   Judge Wilson appointed an attorney from the public defender's office to represent Mr. Conley during sentencing and the sentencing hearing was held that day.

"13.   On October 25, 2007, Judge Wilson filed a complaint with the Disciplinary Administrator's office regarding the Respondent's failure to appear for sentencing of Mr. Conley on three occasions.

"14.   On November 26, 2007, the Respondent filed a written response to Judge Wilson's complaint. The Respondent did not contest the allegations made by Judge Wilson.

"DA10407

*"Representation of Tyrone Allen*

"15.   The Respondent represented Tyrone Allen before the Topeka Municipal Court in two separate cases. The Respondent stipulated to the City's evidence and Mr. Allen was found guilty as charged. The Respondent then appealed Mr. Allen's convictions to the Shawnee County District Court.

"16.   The Shawnee County District Court set the trial *de novo* for November 29, 2007. Prior to trial, however, the Respondent and the prosecutor entered into plea negotiations and reached a plea agreement. Mr. Allen was to enter his plea on November 29, 2007.

"17.   On November 29, 2007, the prosecutor and Mr. Allen appeared for a hearing to enter a plea. The Respondent, however, did not appear in court at that time. Mr. Allen told the prosecutor that he had not heard from the Respondent. The prosecutor attempted to contact the Respondent but to no avail.

"18.   The Court rescheduled the plea hearing for December 4, 2007. Again, the prosecutor and Mr. Allen appeared, but the Respondent did not. Mr. Allen told the court that he had attempted to contact the Respondent on a number of occasions, but the Respondent never returned his telephone call.

"19.   The Court rescheduled the plea hearing a third time for January 7, 2008. The prosecutor and Mr. Allen appeared for the plea hearing on January 7, 2008. The Respondent failed to appear for the plea hearing. After this third attempt at a plea hearing, the court appointed new counsel for Mr. Allen.

"20.   On January 11, 2008, the prosecutor, John Knoll wrote to the Disciplinary Administrator complaining about the Respondent's failures to appear in court.

*"Representation of Sandra K. Silver*

"21.   The Respondent represented Sandra K. Silver before the Topeka Mu-

nicipal Court on a charge of driving under the influence of alcohol. The Honorable Steven R. Ebberts presided over the case.

"22. Ms. Silver was scheduled for an arraignment hearing on January 11, 2008. Ms. Silver appeared for the arraignment hearing, however, the Respondent did not. On that date, Ms. Silver informed Judge Ebberts that she had made repeated attempts to communicate with the Respondent but that he failed to reply.

"23. After the proceeding on January 11, 2008, Judge Ebberts attempted to contact the Respondent by telephone. The Respondent did not return telephone calls to Judge Ebberts.

"24. On January 15, 2008, Judge Ebberts wrote to the Respondent. Judge Ebberts instructed the Respondent to respond to him in writing regarding the Respondent's failures to appear in court. The Respondent eventually responded to Judge Ebberts' inquiry on March 6, 2008.

"25. A copy of Judge Ebberts' letter to the Respondent was forwarded to the Disciplinary Administrator's office. On February 11, 2008, the Respondent wrote to the Disciplinary Administrator's office. In the letter, the Respondent stated that he did not contest the allegations contained in Judge Ebberts' January 11, 2008, letter nor did he contest the allegations contained in Mr. Knoll's January 11, 2008, letter to the Disciplinary Administrator.

### *"Representation of Kenneth L. Womack*

"26. The Respondent represented Kenneth L. Womack before the Topeka Municipal Court for various traffic and misdemeanor charges. After retaining the Respondent and paying him approximately $650.00, Mr. Womack never heard from the Respondent. The Respondent failed to appear in court on behalf of Mr. Womack on a number of occasions.

### "DA10510

"27. In May, 2006, Marc Garcia was arrested in Douglas County, Kansas, for driving under the influence of alcohol. Mr. Garcia retained the Respondent to represent him in the administrative and the criminal proceedings related to his arrest.

"28. Mr. Garcia paid the Respondent $1,500.00. According to the handwritten receipt that the Respondent provided Mr. Garcia, the $1,500.00 was to cover representation "up thru [*sic*] trial." If Mr. Garcia's case were to go to jury trial, Mr. Garcia would have to pay the Respondent an additional $1,000.00.

"29. In November, 2006, the Respondent represented Mr. Garcia before the Kansas Department of Motor Vehicles in a driver's license suspension hearing.

"30. Thereafter, in April, 2008, Mr. Garcia received notice of criminal proceedings in Douglas County, Kansas. After he received notice that the Douglas County District Attorney's office was proceeding with criminal charges, Mr. Garcia attempted to reach the Respondent by telephone. The Respondent's office telephone and mobile telephone were disconnected. Mr. Garcia went to the Respondent's office and discovered that the Respondent had moved out of his office.

"31.  The Respondent failed to provide Mr. Garcia with notice that he had either moved his office or quit practicing law. The Respondent failed to return any unearned fees to Mr. Garcia.

"32.  Mr. Garcia was required to hire new counsel. Mr. Garcia paid $3,500.00 to his new attorney to represent him in the criminal proceeding.

"33.  On April 30, 2008, Mr. Garcia filed a complaint with the Disciplinary Administrator's office. On June 28, 2008, the Respondent responded in writing to Mr. Garcia's initial complaint.

### "Disciplinary Proceedings

"34.  On September 5, 2008, the Disciplinary Administrator filed a Formal Complaint. The Respondent failed to file a timely Answer to the Formal Complaint.

"35.  A hearing on the Formal Complaint was scheduled for October 1, 2008. However, prior to the hearing, the Respondent's home in Texas was destroyed by a hurricane. As a result, the Respondent asked that the hearing be postponed to allow him time to address his living situation.

"36.  The Hearing Panel granted the Respondent's request for a continuance and rescheduled the hearing for April 23, 2009.

"37.  Prior to the scheduled hearing, on April 13, 2009, the Respondent wrote to the Disciplinary Administrator and stated:

'Enclosed please find my response to the above referenced complaints. I understand that my formal hearing is set for April, 23, 2009, at 9:30 A.M. I further understand that I have a right to be present at such hearing. However due to requirements related to my current employment I will not be able to attend the hearing. I am currently a teacher at Hamshire-Fannett High School, in Hamshire, Texas where I teach 9th grade World Geography as well as being the head soccer coach for the boy's high school team. The requirements for my job at this time do not allow me to take time off to attend the hearing. I want to apologize for any inconvenience this may cause you or the Court.

'As you are aware I am not going to contest any of the charges filed within the four (4) complaints. I have provided formal written responses to each of the four (4) complaints currently before the Court, copies of which are contained in your "Disciplinary Administrator's Proposed Witness and Exhibit List." I would request that my formal responses contained in your "Disciplinary Administrator's Proposed Witness and Exhibit List" be allowed to be admitted as my formal testimony as to the charges pending as well as for the purpose of mitigating circumstances. I would further request that whatever correspondence your office received from Dr. Robert J. Blattener [sic], Ph.D., whether it be confidential or not, concerning my outpatient therapy be admitted as mitigating circumstances.

'I want you as well as the Court to know that I am embarrassed about my behavior which brought about the complaints. I have the utmost respect for the law and I am privileged and honored to be a member of the Kansas State

Bar. While I am not currently practicing law I do not want to lose the ability to practice law in the future. I request that whatever recommendation you make to the Court not be one in which I would lose my license to practice law. I operated my law office in Topeka, working as a sole practitioner for approximately eight (8) +/− years almost exclusively in the field of criminal defense. During that time I defended thousands of clients and I never once had any complaints concerning my representation nor my ability to professionally practice law.'

## "CONCLUSIONS OF LAW

"1.  In addition to the rule violations alleged in the Formal Complaint, the Hearing Panel has considered the additional violation of KRPC 1.16. It is appropriate to consider violations not specifically included in the Formal Complaint under certain circumstances. The law in this regard was set forth by the Supreme Court in *State v. Caenen*, 235 Kan. 451, 681 P.2d 639 (1984), as follows:

'Supreme Court Rule 211(b) (232 Kan. clxvi) requires the formal complaint in a disciplinary proceeding to be sufficiently clear and specific to inform the respondent of the alleged misconduct.

'The seminal decision regarding the applicability of the due process clause to lawyer disciplinary proceedings is found in *In re Ruffalo*, 390 U.S. 544, 88 S. Ct. 1222, 20 L.Ed.2d 117, *reh. denied* 391 U.S. 961, 88 S. Ct. 1833, 20 L.Ed.2d 874 (1968). There the United States Supreme Court held that a lawyer charged with misconduct in lawyer disciplinary proceedings is entitled to procedural due process, and that due process includes fair notice of the charges sufficient to inform and provide a meaningful opportunity for explanation and defense.

'Decisions subsequent to *Ruffalo* have refined the concept of due process as it applies to lawyer disciplinary hearings, and suggest that the notice to be provided be more in the nature of that provided in civil cases. The weight of authority appears to be that, unlike due process provided·in criminal actions, there are no stringent or technical requirements in setting forth allegations or descriptions of alleged offenses. . . . Due process requires only that the charges must be sufficiently clear and specific to inform the attorney of the misconduct charged, but the state is not required to plead specific rules, since it is the factual allegations against which the attorney must defend. . . . However, if specific rules are pled, the state is thereafter limited to such specific offenses. . . .

'Subsequent to the *Ruffalo* decision, the due process requirements in lawyer disciplinary proceedings have been given exhaustive treatment by this court. In *State v. Turner*, 217 Kan. 574, 538 P.2d 966 (1975), 87 A.L.R.3d 337, the court summarized prior Kansas and federal precedent on the question, including *Ruffalo*, and held in accordance with established precedent that the state need not set forth in its complaint the specific disciplinary rules allegedly violated . . ., nor is it required to plead specific allegations of misconduct. . . . What is required was simply stated therein:

" 'We must conclude that where the facts in connection with the charge are clearly set out in the complaint a respondent is put on notice as to what ethical violations may arise therefrom. . . .

. . . .

" 'It is not incumbent on the board to notify the respondent of charges of specific acts of misconduct as long as proper notice is given of the basic factual situation out of which the charges might result.' " 235 Kan. at 458-59.

Thus the consideration of additional violations is allowed only when the Formal Complaint alleges facts that would support findings of violations of additional rules. In this case, the Formal Complaint includes the following information:

'18. . . . Mr. Garcia made numerous attempts to contact the respondent about his case and the respondent failed to return the phone calls. Eventually, the respondent's office phone and cell phone were disconnected.

'19. The respondent abandoned Mr. Garcia as a client. . . .'

The Hearing Panel concludes that the Formal Complaint contains sufficient facts to support a finding that the Respondent violated KRPC 1.16 with regard to Mr. Garcia.

"2. The Respondent failed to appear at the hearing on the Formal Complaint. It is appropriate to proceed to hearing when a Respondent fails to appear only with proper service of process. Kan. Sup. Ct. R. 215 governs service of process in disciplinary proceedings. That rule provides, in pertinent part that:

'(a) Service upon the respondent of the formal complaint in any disciplinary proceeding shall be made by the Disciplinary Administrator, either by personal service or by certified mail to the address shown on the attorney's most recent registration, or at his or her last known office address.

. . . .

'(c) Service by mailing under subsection (a) or (b) shall be deemed complete upon mailing whether or not the same is actually received.'

In this case, the Disciplinary Administrator complied with Kan. Sup. Ct. R. 215(a) by sending a copy of the Formal Complaint and the original Notice of Hearing, *via* certified United States mail, postage prepaid, to the address shown on the Respondent's most recent registration. Additionally, the Respondent acknowledged notice of the second hearing in his April 13, 2009, letter. The Hearing Panel concludes that the Respondent was afforded service of process that the Kansas Supreme Court Rules require.

"3. Based upon the findings of fact, the Hearing Panel concludes as a matter of law that the Respondent violated KRPC 1.3, KRPC 1.4, KRPC 1.15, KRPC 1.16, KRPC 3.2, and KRPC 8.4, as detailed below.

"4. Attorneys must act with reasonable diligence and promptness in representing their clients. *See* KRPC 1.3. The Respondent failed to diligently and promptly represent his clients in this case. Specifically, the Respondent failed to provide diligent representation to Mr. Conley, Mr. Allen, Ms. Silver, Mr. Womack, and Mr. Garcia. Because the Respondent failed to act with reasonable diligence

and promptness in representing his clients, the Hearing Panel concludes that the Respondent repeatedly violated KRPC 1.3.

"5.   KRPC 1.4(a) provides that '[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' The Respondent violated KRPC 1.4(a) when he failed to keep his clients reasonably informed regarding the status of their representations. The Respondent failed to adequately communicate with Mr. Conley, Mr. Allen, Ms. Silver, Mr. Womack, and Mr. Garcia. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.4(a).

"6.   Lawyers must deal properly with the property of their clients. Specifically, KRPC 1.15(b) provides:

'(b)   Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.'

The Respondent violated KRPC 1.15(b) when he failed to refund the unearned fees paid by Mr. Garcia.

"7.   KRPC 1.16 requires lawyers to take certain steps to protect a client's legal interests after the representation has been terminated. Specifically, KRPC 1.16(d) provides the requirement in this regard:

'Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.'

The Respondent violated KRPC 1.16(d) when he abandoned Mr. Garcia without any notice.

"8.   An attorney violates KRPC 3.2 if he fails to make reasonable efforts to expedite litigation consistent with the interests of his client. The Respondent failed to make any efforts to expedite the litigation of Mr. Conley, Mr. Allen, Ms. Silver, Mr. Womack, and Mr. Garcia and violated KRPC 3.2.

"9.   'It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice.' KRPC 8.4(d). The Respondent engaged in 'conduct that is prejudicial to the administration of justice' when he repeatedly failed to appear in court for scheduled hearings on behalf of Mr. Nelson, Mr. Conley, Mr. Allen, Ms. Silver, Mr. Womack, and Mr. Garcia.

## "AMERICAN BAR ASSOCIATION
## STANDARDS FOR IMPOSING LAWYER SANCTIONS

"In making this recommendation for discipline, the Hearing Panel considered

the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* The Respondent violated his duty to his clients to provide diligent representation, to provide adequate communication, and to safeguard property. Additionally, the Respondent violated his duty to the legal profession

"*Mental State.* The Respondent knowingly violated his duties.

"*Injury.* As a result of the Respondent's misconduct, the Respondent caused actual injury to his clients and to the legal profession.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"*A Pattern of Misconduct.* The Respondent engaged in a pattern of misconduct he engaged in similar misconduct by failing to appear in court in behalf of several clients.

"*Multiple Offenses.* The Respondent violated KRPC 1.3, KRPC 1.4, KRPC 1.15, KRPC 1.16, KRPC 3.2, and KRPC 8.4. Thus, the Hearing Panel concludes that the Respondent committed multiple offenses.

"*Bad Faith Obstruction of the Disciplinary Proceeding by Intentionally Failing to Comply with Rules or Orders of the Disciplinary Process.* The Respondent knew that he was required to file a timely Answer to the Formal Complaint and appear at the hearing. However, the Respondent failed to do so. As a result, the Hearing Panel concludes that the Respondent engaged in a bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary process.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"*Absence of a Prior Disciplinary Record.* The Respondent has not previously been disciplined.

"*Absence of a Dishonest or Selfish Motive.* It does not appear that the Respondent's misconduct was motivated by dishonesty or selfishness.

"*Personal or Emotional Problems if Such Misfortunes Have Contributed to Violation of the Kansas Rules of Professional Conduct.* According to the letters from Dr. Blattner, the Respondent suffers from an adjustment disorder with a depressed mood. It appears that the Respondent's emotional problems may have contributed to the violations.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'4.12 Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client.

'4.42 Suspension is generally appropriate when:

(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or

(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

'7.2 Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system.'

### "RECOMMENDATION

"The Disciplinary Administrator recommended that the Respondent be suspended for an indefinite period of time. By letter, the Respondent recommended that he be allowed to practice law in the future.

Based upon the findings of fact, conclusions of law, and the Standards listed above, the Hearing Panel unanimously recommends that the Respondent be suspended from the practice of law for an indefinite period of time. Further, the Hearing Panel recommends that the Court require that the Respondent make restitution to Mrs. Albert L. Conley for the two unnecessary trips from California to Kansas and to the Client Protection Fund in the amount of $1,500.00 for the amount paid out to Mr. Garcia.

"Costs are assessed against the Respondent in an amount to be certified by the Office of the Disciplinary Administrator."

## DISCUSSION

The Disciplinary Administrator recommends that this court adopt the recommendation of the hearing panel that respondent be indefinitely suspended from the practice of law in this state. We note that the respondent did not appear for hearing before this court or offer an explanation for his absence, although a copy of the hearing notification was mailed to him on three different dates in accordance with our rules. The first notice was mailed on October 13, 2009; it was returned, marked "unclaimed." The second notice was mailed November 4, 2009; it was returned, marked "forward time exp." The third notice was mailed November 6, 2009; it also was returned, marked "forward time exp." Apparently his teaching in Texas was again the reason he did not appear for hearing before this court. However, we note that, while respondent responded to the formal complaint and also filed notice that he

would file no exceptions, he made no contact with this court regarding appearing before this court, and the rule requiring appearance does not allow for any exceptions. The respondent was properly notified of this proceeding, and this court has jurisdiction to proceed.

The respondent filed no exceptions to the panel's final hearing report. Thus, the hearing panel's final report is deemed admitted. Supreme Court Rule 212(c) (2009 Kan. Ct. R. Annot. 337). Upon our review of the entire record we conclude that the panel's findings of fact are supported by clear and convincing evidence and support the panel's conclusions of law. We therefore adopt those findings and conclusions, which establish the misconduct of respondent by clear and convincing evidence. See *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009) (citing *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]); Supreme Court Rule 211(f) (2009 Kan. Ct. R. Annot. 321). With respect to the discipline to be imposed, the panel's recommendation is advisory only and shall not prevent the court from imposing a different discipline. *In re Cline*, 289 Kan. 834, 846, 217 P.3d 455 (2009); Supreme Court Rule 212(f).

However, we determine that the recommendations of the Disciplinary Administrator and the panel are appropriate. We also agree with the panel's recommendations regarding restitution and further conclude that, consistent with Supreme Court Rule 218 (2009 Kan. Ct. R. Annot. 361), and Rule 219 (2009 Kan. Ct. R. Annot. 376), a hearing be held before any reinstatement of the respondent.

## Conclusion and Discipline

It Is Therefore Ordered that Melvin R. Herrington be indefinitely suspended from the practice of law in the state of Kansas, effective the date of this opinion in accordance with Supreme Court Rule 203(a)(2) (2009 Kan. Ct. R. Annot. 272).

It Is Further Ordered that the respondent shall comply with Rule 218 and in the event respondent would seek reinstatement, he shall comply with Rule 219.

IT IS FURTHER ORDERED that respondent make restitution consistent with the recommendations of the panel.

IT IS FURTHER ORDERED that this opinion be published in the official Kansas Reports and that the costs herein be assessed to the respondent.